```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                -v-<br><br>ROMULO RAMIREZ-RODRIGUEZ,<br><br>                          Defendant. | 19-CR-91-11 (DLC)<br><br>MEMORANDUM OPINION<br>      AND ORDER |

DENISE COTE, District Judge:

On September 24, 2024, defendant Romulo Ramirez-Rodriguez moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  The defendant is not eligible for a reduction of his sentence and the motion is denied.

## Background

On March 1, 2023, Ramirez-Rodriguez pleaded guilty to conspiracy to import cocaine into the United States, in violation of 21 U.S.C. § 3238 and pursuant to a plea agreement with the Government.  The plea agreement calculated the Guidelines range as 210 to 262 months' imprisonment based on an offense level of 37 and a criminal history category of I.  The agreement included a two-level increase in the defendant's offense level because a firearm was possessed in connection with the offense.  The offense carried a mandatory minimum sentence

of 5 years' imprisonment pursuant to 21 U.S.C. § 963 and 21 U.S.C. § 960(b)(2)(B)(ii).

The Probation Department agreed that the defendant's Guidelines range was 210 to 268 months' imprisonment, based on an offense level of 37 and a criminal history category of I. The Probation Department recommended a sentence of 108 months' imprisonment; the defendant requested a sentence of 60 months' imprisonment, and the Government requested a sentence of at least 108 months' imprisonment.

On July 7, the Court adopted the Guidelines range included in the Presentence Report and sentenced the defendant principally to a term of 84 months' imprisonment. The defendant did not appeal.

On September 24, 2024, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. The amendment went into effect on November 1, 2023, and applies retroactively. On October 21, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction. Ramirez-Rodriguez is scheduled to be released from custody on October 19, 2026.

**Discussion**

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a

subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)."  United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782).  In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437.  If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence.  Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified exclusions.  One such exclusion applies if the defendant possessed a firearm in

4

connection with the offense. U.S.S.G. § 4C1.1(a)(7). Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point. The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment. The Sentencing Commission explained also that the exclusion criteria were informed by data analyses, public comment and existing legislation. U.S.S.G. App. C, Amendment 821, Reason for Amendment.

Ramirez-Rodriguez had zero criminal history points at the time of his sentencing. If no exclusion applies, Amendment 821 reduced his offense level by two levels, from 37 to 35. As a consequence, his Guidelines range was potentially lowered from the original range of 210 to 262 months' imprisonment to a range of 168 to 210 months.

The Probation Department concluded that the defendant is ineligible for a reduction in his offense level because of Amendment 821's exclusion for a defendant's possession of a firearm. This analysis appears to be in error. Amendment 821's adjustment for offenders with zero criminal history points

5

applies so long as "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense" and meets all other criteria. U.S.S.G. § 4C1.1(a)(7). While the defendant's offense level, as reflected in the Presentence Report, was enhanced by two levels pursuant to § 2D1.1(b)(1), that enhancement applies to an offense characteristic, and not the defendant's personal possession of a firearm or dangerous weapon. Neither the Report nor the Government's sentencing letter describe the defendant possessing a firearm or inducing another participant in the offense to do so. Those documents describe the defendant as a person responsible for coordinating a hand-off of a sample of cocaine. While the defendant was certainly aware that weapons would be used to protect the movement of the drugs, that is insufficient to support the Amendment's exclusion.

    Nevertheless, Ramirez-Rodriguez is not eligible for a sentencing reduction. He was originally sentenced to a term of 84 months' imprisonment, which is far below the bottom of an amended Guidelines range of 168 months' imprisonment.

## Conclusion

Ramirez-Rodriguez's September 24, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:   New York, New York
         November 15, 2024

                                                                        _____
                                                                              Denise Cote
                                                                  United States District Judge